# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1907.

[No. 1129, January 15, 1907.]

UNITED STATES OF AMERICA, Appellant, v. BENITO MARES, et al., Appellees.

SYLLABUS (BY THE COURT.)

1. The Pueblo Indians of New Mexico are not wards of the government, nor are they in charge of an Indian superintendent or agent, nor are they Indians over whom the government through its departments exercises guardianship, within the meaning of the Act of Congress, of January 30, 1897, penalizing the sale or gift of intoxicants to such Indians.

2. The holdings of this court and of the Supreme Court of the United States as to the status of the Pueblo Indians in New Mexico, reviewed, and held that such Indians do not come within the classes of Indians, to whom the sale of intoxicants is prohibited by the Act of Congress last mentioned·

The facts are stated in the opinion.

Appeal from the First Judicial District Court, before JOHN R. McFIE, Associate Justice. Affirmed.

W. H. H. LLEWELLYN and E. L. MEDLER, for Appellant.

In a Territory Congress may legislate as a state does for its municipal organizations. First National Bank of Brunswick v. Yankton, 101 U. S. 129; Insurance Co. v. 356 Bales of Cotton, 1 Peters, 511; Church Latter Day Saints v. United States, 136 U. S. pp. 1-63; Murphy v. Ramsey, 114 U. S. 15.

In the exercise of its powers of sovereignty over the

Territories, Congress has power to enact legislation prohibiting the sale of liquor in toto. Endleman v. United States, 86 Fed. Rep. 456.

The privilege of buying whiskey at all times and all places is not a right, privilege or immunity of citizenship, within the meaning of the Constitution of the United States. Pervear v. Commonwealth, 5 Wall., 479; Bartemeyer v. Iowa, 18 Wall., 132; Beer Co. v. Mass., 97 U. S. 32; Muzzler v. Kansas, 123 U. S. 662; Kidd v. Pearson, 128 U. S. 23; Eilenbecker v. Plymouth Co., 134 U. S. 40; Crowley v. Christenson, 137 U. S. 86.

A Pueblo Indian, by reason of his status as a citizen of the Territory, does not possess an inalienable right to aid in the consumption of liquors. The fact that the offense was committed off of the Indian Pueblo makes no difference. U. S. v. Miller, 105 U. S. 946.

N. B. LAUGHLIN, for Appellee.

Pueblo Indians are citizens of the United States, and entitled to the same rights and amenable to the same laws that other citizens are. United States v. Joseph, 94 U. S. 619 L. Ed. 295; Delinquent Tax Case, 76 Pac. 307 (N. M.); United States v. Santistevan, 1 N. M. 583; United States v. Varela, 1 N. M. 593; Ex-Parte Crow Dog, 109 U. S. 556-572, affirming U. S. v. Joseph, supra; United States v. Richie, 58 U. S. 525.

The Act of Congress, January 30, 1897, 3 Fed. Statute, Annotated, 384, is a regulation of the police power and not a revenue act. The police power is one of the reserve powers left to the several states and in this particular case to the Territory. Re Heff, 197 U. S. 488.

A citizen of the Territory occupies the same position with respects to his rights and privileges and his obligations to the laws under the Constitution of the United States, that a citizen of any state of the Union does. The law must apply to all citizens with the same force and protect all alike. Murphy v. Ramsey, 114 U. S. 47.

That the said Pueblo Indians are under the supervision of an agent, is a fact set up in the indictment, which

is contrary to the law as found by this court. Delinquent Tax Case, 76 Pac. 309.

The appellee should have been indicted under the Territorial Statute and not the Act of Congress.

## OPINION OF THE COURT.

POPE, J.—This was a prosecution instituted by the United States against the defendants, Mares and Santistevan, charging them with having violated the Act of Congress of January 30, 1897, by the sale of intoxicants to certain Indians under the charge of an Indian agent of the United States. The stipulated facts upon which the case was disposed of in the court below and upon which it is here submitted disclose that the Indians to whom the intoxicants are alleged to have been sold or given were Taos Pueblo Indians, living and residing at the Pueblo of Taos and being members of that tribe and that the whiskey in question was sold or given to them in the town of Taos and off the Pueblo lands of said Taos Pueblo tribe. The court below upon these admitted facts discharged the defendants, and the correctness of this ruling is the sole question presented by this appeal.

The status of the Pueblo Indians of this Territory has been subject of very full consideration by this court and by the Supreme Court of the United States in a number of cases. United States v. Varela, 1 N. M. 593; U. S. v. Santistevan, 1 N. M. 583; Pueblo Indian Tax Case, 12 N. M. 139; United States v. Joseph, 94 U. S. 619; quoted in ex. parte Crow Dog, 109 U. S. 572; U. S. v. Richie, 17 How., 525, 538. From these decisions the first two of which dealt with the very Pueblo here in question, their legal standing has been very definitely fixed. They have been judicially determined to be a people very different from the nomadic Apaches, Comanches, and other tribes "whose incapacity for self government required both for themselves and for the citizens of the country the guardian care of the general government." They are not tribes within the meaning of the federal intercourse acts prohibited settlement upon the land of "any Indian tribe." They are not

wards of the government in the sense that this term has been used in connection with the American Indian. While Congress has as a mere gratuity from time to time provided agents and special attorneys for them, it has never attempted thereby to reduce them to a state of tutelage or to put either them or their property under the charge or control of the government or its agents. On the contrary, they hold their lands and property by complete and perfect title antedating the sovereignty of the United States and recognized by its unconditional patent issued to them decades ago. They have full power to alienate their lands and these, in the absence of any Act of Congress to the contrary, are subject like other property to taxation by the Territory. Finally, these Indians were at the date of the treaty of Guadalupe Hidalgo, citizens of Mexico and of the United States.

This being the status of the Pueblo Indians, as fixed by the decisions of this court and of the Supreme Court of the United States it only remains to be determined whether the sale of intoxicating liquors to them is within the prohibition of the act of January 30, 1897, (29 St. 506, 3 Fed. St. Ann. 384). That act makes it penal to sell or give intoxicants to "any Indian to whom allotment of land has been made while the title to the same shall be held in trust by the government, or to any Indian a ward of the government under the charge of any Indian superintendent or agent, or to any Indian, including mixed bloods, over whom the government, through its departments, exercises guardianship." It is a sufficient answer to the present appeal to say that in our judgment the Pueblo Indians, as defined by the decisions above referred to, do not come within any of the three classes above referred to. The title to their lands is not held in trust by the government; they are not wards of the government, nor are they under the charge of any Indian superintendent or agent; they are not Indians over whom the government, through its departments, exercises guardianship. We deem this conclusion so inevitable from the terms of the statute as not to call for any citation of authority. We find, however, that the United States Dis-

trict Court, of the Western District of Washington, has, in United States v. Kopp 110 Fed. 160, decided July 24, 1901, dealt with this very question. That case was as to the Puyallup Indians, and it was there held:

"The Puyallup Indians holding lands under patents of the tenor above set forth are citizens of the United States, having all the rights, privileges and immunities of other citizens and they are not under the guardianship of the United States government, nor under the charge of any Indian superintendent or agent; and the statute of 1897, prohibiting the furnishing of intoxicating drinks, flavoring extracts, bitters and stimulants to Indians having the status and subject to the conditions therein defined, does not comprehend an Indian having the status and rights, privileges and immunities belonging to the Indian named in this indictment."

We have not overlooked the fact that the indictment in this case, to which the demurrer was presented, alleges that the Indians in question were "under charge of an Indian agent of the United States." We do not, however, consider this allegation, (even if sufficient under the terms of the statute) to be an allegation of fact such as is confessed by the demurrer. Whether or not a given Indian is a ward of the government, or whether or not he can in legal contemplation be under the charge of an Indian agent, are questions of law to be determined in the light of his legal status, and the Acts of Congress applicable to him. The stipulation, that the Indians in question were Pueblos, places them as a matter of law beyond the protection of the statute and relieves from prosecution any one accused of selling liquor to them. The view taken of this case renders it unnecessary for us to consider the question presented in the argument and upon the briefs and to which the recent case in Re Heff, 197 U. S. 488, is cited, as to whether it is within the power of Congress to prohibit within the Territory the sale of intoxicants to a special class of its citizens, such as Pueblo Indians. Holding, as we do, that Congress has not attempted to exercise such power, it becomes unnecessary

for us to determine whether it could constitutionally exercise it.

The judgment of the court below is affirmed.

SYLLABUS (BY THE COURT.)

